| | |
|---|---|
| 1 | STEVEN T. GUBNER – Bar No. 156593<br>COREY R. WEBER – Bar No. 205912 |
| 2 | **EZRA BRUTZKUS GUBNER LLP**<br>21650 Oxnard Street, Suite 500 |
| 3 | Woodland Hills, CA  91367<br>Telephone:  818.827.9000 |
| 4 | Facsimile:   818.827.9099<br>Emails:     sgubner@ebg-law.com |
| 5 | cweber@ebg-law.com |
| 6 | Special Litigation Counsel<br>For Howard M. Ehrenberg, |
| 7 | Chapter 7 Trustee |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:09-bk-19539-ER |
| RUDERMAN CAPITAL PARTNERS, LLC, | Chapter 7<br>Adv. No. |
| Debtor.<br>EIN No. xxx-0994 | **COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A) and (B), 550(a)(1) and (2) and California Civil Code § 3439, *et seq.*]** |
| HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE,<br>Plaintiff,<br>v.<br>LAWRENCE R. ELINS, individually and as TRUSTEE OF THE ELINS FAMILY TRUST,<br>Defendant. | **Status Conference:**<br>**Date:**  To be set.<br>**Time:**  To be set.<br>**Place:** Courtroom 1568 |

153429

**TO DEFENDANT R. LAWRENCE ELINS, INDIVIDUALLY AND AS TRUSTEE OF THE ELINS FAMILY TRUST:**

Plaintiff, Howard M. Ehrenberg, Chapter 7 Trustee (the "Trustee") acting on behalf of the estate (the "Estate") of Debtor Ruderman Capital Partners, LLC (the "Debtor"), complaining of defendant Lawrence R. Elins, individually and as Trustee of the Elins Family Trust ("Defendant"), alleges as follows:

## STATEMENT OF JURISDICTION AND PROCEEDINGS

1. On or about April 23, 2009 (the "Petition Date"), petitioning creditors Pacific Credit Corporation, Ryan Wald and the Jordan and Dori Katz Family Trust of 2006 filed an involuntary petition under Title 11, Chapter 7 of the United States Code. The Order for Relief on the involuntary petition was entered by the Court on May 27, 2009.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1), (2)(F) and (H). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's case under Title 11, Chapter 7 of the United States Code that is still pending.

3. The notice of appointment of Howard M. Ehrenberg as Chapter 7 Trustee and fixing of bond and acceptance of appointment was executed by the Trustee on or about June 5, 2009 and was filed with the Court the same day (the "Order Appointing the Trustee"). The Trustee has standing to bring this adversary proceeding on behalf of the Estate pursuant to the Order Appointing the Trustee.

4. This Complaint seeks to recover for the benefit of the Estate property preferentially and fraudulently transferred by the Debtor to Defendant.

5. The Trustee is informed and believes, and based thereon alleges, that the Defendant is an individual and the Trustee of the Elins Family Trust who, at all times herein mentioned, resided and still resides in the Central District of California.

6. The Trustee is informed and believes, and based thereon alleges, that the Defendant is a member of the Debtor (as a limited liability company member) and is an insider of the Debtor within the meaning of § 101(31)(B) and (E) of the Bankruptcy Code and/or a nonstatutory insider pursuant to applicable bankruptcy case law.

## GENERAL ALLEGATIONS

7. The Trustee is informed and believes, and based thereon alleges, that the Debtor, is a hedge fund with its principal place of business in Beverly Hills, California, operated by its manager, Ruderman Capital Management, LLC ("RCM") and by RCM's managing member, Bradley L. Ruderman ("Ruderman").

## RUDERMAN'S ARREST AND GUILTY PLEA

8. The Trustee is informed and believes, and based thereon alleges, that on or about May 14, 2009, the United States Department of Justice filed a criminal complaint against Ruderman for knowingly and intentionally executing a scheme to defraud investors related to the Debtor, engaging in wire fraud, among other things (United States District Court Case No. CR 0900757, pending in the Central District of California, Western Division). The Trustee is further informed and believes, and based thereon alleges that Ruderman surrendered to Federal Bureau of Investigation agents following the criminal charges.

9. The Trustee is informed and believes, and based thereon alleges, that on or about August 6, 2009, the United States Department of Justice filed further information regarding five counts against Ruderman for wire fraud (two separate counts), investment advisor fraud (two separate counts), and willful failure to file a tax return (one count). Among other things, the filing by the Department of Justice alleged that "Defendant RUDERMAN would not invest the money entrusted to him by victim-investors as he had promised to do. Instead, without informing the victim-investors or obtaining their authorization, defendant RUDERMAN would use the victim-investor funds to make "interest" payments and returns of capital to other victim-investors; to fund cash disbursements to himself; to fund his gambling activities; and to pay his own personal expenses and obligations arising from other business activities."

10. The Trustee is informed and believes, and based thereon alleges, that on or about

3

August 24, 2009 Ruderman pleaded guilty to all five criminal counts against him. The Trustee is further informed and believes, and based thereon alleges that Ruderman is scheduled to be sentenced by the District Court on December 7, 2009.

## THE PONZI SCHEME

11. The Trustee is informed and believes, and based thereon alleges, that the Debtor was a Ponzi scheme where incoming funds were used to keep the operation going, to make distributions to other investors, and to enrich Ruderman.

12. According to the Debtor's Confidential Information Memorandum dated November 20, 2003 (the "Confidential Information Memorandum"), "[t]he Fund's [the Debtor's] investment objective is above average capital appreciation. It invests both long and short, primarily in equity securities, and may use margin borrowings to leverage its returns… The Confidential Information Memorandum further states that "[t]he Fund is a California limited liability company which commenced operation in January 2000… The Manager of the Fund is Ruderman Capital Management, LLC, a California limited liability company which commenced operations in April 1999. The Manager is a Member of the Fund and has exclusive control over the management and operations of the Fund, including management of the Fund's portfolio and authority to admit and expel members and terminate the Fund. The other Members will not participate to any extent in the management of the Fund. The Fund will be managed by Bradley Ruderman, the Managing Member and founder of Ruderman Capital Management, LLC…" [Bracketed comments added.]

13. In the Section titled "THE LIMITED LIABILITY COMPANY AGREEMENT" in the Confidential Information Memorandum, its states under "Powers of the Manager" that "[t]he Manager has complete and exclusive discretion in the management and control of all aspects of the business of the Fund. Other Members shall have no right or power to conduct or control the business of the Fund."

14. Also according to the Confidential Information Memorandum, "[a] Member may withdraw any or all of its capital account balance (including any appreciation) from the Fund as of the end of the twelfth full calendar month following its admission as a Member. Thereafter, a

Member may withdraw all or any part of its capital account balance from the Company as of the end of any calendar quarter. A Member must provide at least 30 days prior written notice to the Company of any withdrawal, and may not reduce its capital account balance below $500,000 (or such lesser amount as may be permitted by Manager) unless withdrawing as a Member..."

15. The Trustee is informed and believes, and based thereon alleges, that Ruderman told investors and potential investors in the Debtor that current investors included Lowell Miliken, Chairman of the Miliken Family Foundation, and Lawrence Ellison, Chief Executive Officer of Oracle Corporation. Miliken and Ellison have since testified by declaration that they have never been investors in the Debtor.

16. The Trustee is informed and believes, and based thereon alleges, that the Debtor sent a document titled "RUDERMAN CAPITAL PARTNERS, LLC ANNUAL REPORT OF FINANCIAL CONDITION December 31, 2007" to members of the Debtor in or about February 2008. The balance sheet in the annual report stated that the Debtor's assets were $210,258,365, its liabilities were $30,790,168 and its net assets were $179,468,197. The annual report included a "REPORT OF INDEPENDENT AUDITORS" that was signed by "RKCO LLC." The Trustee is informed and believes, and based thereon alleges, that RKCO is not a certified public accounting firm. The Trustee is informed and believes, and based thereon alleges, that "www.rkco.com" is the website for Rothstein Kass, certified public accountants. The Trustee is informed and believes, and based thereon alleges, that Rothstein Kass does not use the acronym "RKCO" for any purpose other than its website and related internet functions. A principal of Rothstein Kass has since testified by declaration that Rothstein Kass never performed an accounting, audit or any other review of the Debtor. The Trustee is informed and believes, and based thereon alleges, that the Debtor's "audited" financial statement was therefore false and it is unlikely that an audit of the Debtor took place.

17. The Trustee is informed and believes, and based thereon alleges, that the Debtor provided monthly Portfolio Analysis Reports to members of the Debtor and that the reports were fabricated and contained fictitious data.

18. According to the Debtor's monthly Portfolio Analysis Reports, the Debtor

claimed it obtained very high returns, especially when contrasted to the returns of the Dow Jones Industrial Average, the S&P 500 Index and the Nasdaq Composite Index. Even during the severe recession and stock market collapse that began in 2008, the Debtor appeared to be unscathed, achieving stated returns of 14.99% in 2008 and a loss of only (2.91%) in 2009 (through the end of February 2009). The stated returns listed by the Debtor are as follows:

|  | **THE DEBTOR'S FUND PERFORMANCE** |
| --- | --- |
| **2002** | 54.99% |
| **2003** | 60.56% |
| **2004** | 32.17% |
| **2005** | 23.30% |
| **2006** | 22.02% |
| **2007** | 19.09% |
| **2008** | 14.99% |
| **2009 (YTD through February)** | -2.91% |

19. The Trustee is informed and believes, and based thereon alleges, that Ruderman continuously touted the Debtor's returns in monthly e-mails to investors. In an e-mail dated February 10, 2009, Ruderman stated: "[f]or the period, the fund performance of -.78% compares with the DJIA (-8.84%), S&P 500 (-8.57%), and NASDAQ (-6.38%)…" In an e-mail dated March 10, 2009, Ruderman stated: "[f]or the period. The fund performance of -2.13% compares with the DJIA (-11.72%), S&P 500 (-10.99%), and NASDAQ (-6.68%)." %)." The Trustee is informed and believes, and based thereon alleges, that RCP was not achieving high returns, but was instead running a Ponzi scheme where incoming funds were used to keep the operation going, to make distributions to other investors, and to enrich Ruderman.

20. Despite the Debtor purportedly obtaining those very high returns, and despite the lack of any significant stated losses from the Debtor's investments as recently as March 10, 2009,

6

the Trustee is informed and believes, and based thereon alleges, that the investors in the Debtor received a letter on or about April 15, 2009 from William Floratos of Floratos, Loll & DeVine, attorneys for Ruderman as an individual, stating in essence that the Debtor was insolvent. The letter states in pertinent part that:

> "We are informed that due to the severe downturn in the stock market and in the overall economy, that there is currently very little value in the assets held by the LLC. Mr. Ruderman is currently compiling an accounting for the Members which will identify the assets remaining of the LLC, and will also identify the income and expenses of the LLC… Mr. Ruderman greatly regrets the economic losses suffered by the Members, but he is confident once the Members have had a chance to review the above-referenced accounting, they will be satisfied he did not use these funds for his own enrichment… We will expect shortly after the accounting is distributed, that the Members will wish to call a meeting of the LLC to discuss the winding down of the LLC and distribution of the remaining assets. Since this office represents Mr. Ruderman individually, should the Members wish to engage counsel to represent the LLC with regard to any future meeting or winding down of the LLC, Mr. Ruderman will not participate in selection of that counsel…"

21. The Trustee is informed and believes, and based thereon alleges, that the returns touted by the Debtor were false.

22. The Trustee is informed and believes, and based thereon alleges, that the letter from Ruderman's attorney followed attempts by investors in the Debtor to withdraw their funds from the Debtor.

23. The Trustee is informed and believes, and based thereon alleges, that subsequent to the April 15, 2009 letter, Floratos, Loll & DeVine sent another letter to members of the Debtor stating in pertinent part that "[t]he following is the compilation provided by Bradley L. Ruderman on behalf of Ruderman Capital Management, LLC representing the assets of Ruderman Capital Partners, LLC and Ruderman Capital Partners A, LLC, and expenses for Bradley L. Ruderman, Ruderman Capital Partners, LLC, and Ruderman Capital Partners A, LLC.

This information has been compiled only by Bradley L. Ruderman on behalf of Ruderman Capital Management, LLC. The original books and records of Ruderman Capital Partners, LLC and Ruderman Capital Partners A, LLC will be delivered to representatives of the U.S. government pursuant to and in response to validly served subpoenas." The letter states that the total assets of the Debtor are now only $1,042,128, comprised of accounts with Wells Fargo Bank, Wachovia Securities, Deutsche Bank and Goldman Sachs. The compilation also includes a listing of contributions and withdrawals by members of the Debtor, including those alleged in this Complaint. Also included in the letter is a signed letter whereby Ruderman purports to resign as Manager of the Debtor.

24. During the course of the RCP Ponzi scheme, certain investors/members requested and received distributions of the "profits," and/or accrued interest listed for their accounts. The distributions received by the investors/members were fictitious profits and/or interest. Other investors redeemed or closed their accounts, or removed portions of purportedly available funds, and were paid consistent with the fabricated statements that they received. The Defendant knew or should have known that the activity purportedly conducted by RCP was false and that the purported returns, profits and/or interest were fictitious.

**FIRST CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFER**

**AGAINST DEFENDANT (ACTUAL INTENT)**

**[11 U.S.C. § 544 and California Civil Code §§ 3439.04(a) and 3439.07]**

25. The Trustee repeats and realleges the allegations in above paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. The Trustee is informed and believes and thereon alleges that during the seven-year period immediately preceding the Petition Date, the Debtor made transfers of the Property listed in **Exhibit "A"** attached hereto and incorporated herein by this reference (the "7-Year Transfers") to the Defendant on the dates and in the amounts set forth therein with the actual intent to delay, hinder or defraud the Debtor's creditors.

27. By reason of the foregoing, the 7-Year Transfers are avoidable pursuant to 11 U.S.C. § 544 and Civil Code § 3439.04(a) and 3439.07.

## SECOND CLAIM FOR RELIEF
## AVOIDANCE OF FRAUDULENT TRANSFERS
## AGAINST DEFENDANT (CONSTRUCTIVE FRAUD)
**[11 U.S.C. § 544 and California Civil Code §§ 3439.04(b) or 3439.05 and 3439.07]**

28. The Trustee realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

29. The Trustee is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date the Debtor made transfers of the Property listed in **Exhibit "B"** attached hereto and incorporated herein by this reference (the "4-Year Transfers"). Each of the 4-Year Transfers (*see* Exhibit "B") was made (a) without Debtor receiving a reasonably equivalent value in exchange for such transfer; and (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii), at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

30. By virtue of the foregoing, the 4-Year Transfers constituted fraudulent transfers pursuant to 11 U.S.C. § 544 and Civil Code §§ 3439.04(b) or 3439.05 and 3439.07.

## THIRD CLAIM FOR RELIEF
## RECOVERY OF AVOIDED TRANSFERS AGAINST ALL DEFENDANTS
**[11 U.S.C. §§ 544, 550(a)(1) and (2) and/or California Civil Code § 3439.07]**

31. The Trustee realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

1    32.    By reason of the foregoing, the Trustee is entitled to recover for the benefit of the Estate the 7-Year Transfers and the 4-Year Transfers from the Defendant pursuant to 11 U.S.C. §§ 544, 550(a)(1); and/or (2) Civil Code § 3439.07.

**WHEREFORE**, The Trustee respectfully prays for judgment against the Defendant as follows:

1. On the first claim for relief, that the 7-Year Transfers be avoided for the benefit of the Estate;

2. On the second claim for relief, that the 4-Year Transfers be avoided for the benefit of the Estate;

3. On the third claim for relief, for relief as follows:

- to recover the value of the 7-Year Transfers from Defendant, for the benefit of the Estate in the amount of $4,304,468.00, plus interest at the maximum legal rate from the date of the 7-Year Transfers, or such other amount as shall be shown by proof prior to judgment herein;

- to recover the value of the 4-Year Transfers from Defendant, for the benefit of the Estate in the amount of $4,304,468.00, plus interest at the maximum legal rate from the date of the 4-Year Transfers, or such other amount as shall be shown by proof prior to judgment herein;

4. On all claims for relief; that the Trustee be awarded costs incurred in connection with this action;

5. For such other and further relief as this Court deems just and proper.

DATED: December 7, 2009                    Respectfully submitted,

                                               **EZRA | BRUTZKUS | GUBNER LLP**

                                               By: _____
                                                   STEVEN T. GUBNER
                                                   COREY R. WEBER
                                                   Special Litigation Counsel for Plaintiff,
                                                   Howard M. Ehrenberg,
                                                   Chapter 7 Trustee

## EXHIBIT A

## 7-YEAR TRANSFERS

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 8/1/2006 | Elins Family Trust | $1,000,000.00 |
| 9/8/2006 | Elins Family Trust | $3,304,468.00 |
| **TOTAL** | | **$4,304,468.00** |

EXHIBIT " A " page 1 of 1

## **EXHIBIT B**

## **4-YEAR TRANSFERS**

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 8/1/2006 | Elins Family Trust | $1,000,000.00 |
| 9/1/2006 | Elins Family Trust | $3,304,468.00 |
| **TOTAL** | | **$4,304,468.00** |

EXHIBIT " B " page 1 of 1

145742

FORM B104 (08/07)                                                                     2007 USBC, Central District of California

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

| | |
|---|---|
| **PLAINTIFFS** HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE | **DEFENDANTS** LAWRENCE R. ELINS, INDIVIDUALLY AND AS TRUSTEE OF THE ELINS FAMILY TRUST |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>COREY R. WEBER / EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91360 / Tel: 818-827-9000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Avoid and Recover Fraudulent Transfers [11 U.S.C. Sections 544, 548(a)(1)(A) and (B), 550(a)(1) and (2) and California Civil Code Sections 3439, et seq.]

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other California Civil Code Sections 3439, et seq.

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ $4,304,468.00 |

Other Relief Sought

CCD-B104

13

FORM B104 (08/07), page 2                        2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> RUDERMAN CAPITAL PARTNERS, LLC || **BANKRUPTCY CASE NO.** <br> 2:09-bk-19539-ER |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL DISTRICT | **DIVISIONAL OFFICE** <br> LOS ANGELES DIVISION | **NAME OF JUDGE** <br> THE HONORABLE ERNEST M. ROBLES |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*[signature]*

| **DATE** <br> December 7, 2009 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> EZRA BRUTZKUS GUBNER LLP, by: COREY R. WEBER |
|---|---|

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| STEVEN T. GUBNER - Bar No. 156593<br>COREY R. WEBER - Bar No. 205912<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91360<br>Tel: 818.827.9000<br>Fax: 818.827.9099<br>Email: sgubner@ebg-law.com; cweber@ebg-law.com<br>*Attorney for Plaintiff*   Howard M. Ehrenberg, Chapter 7 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: RUDERMAN CAPITAL PARTNERS, LLC | CHAPTER 7 |
|---|---|
| | CASE NUMBER 2:09-bk-19539-ER |
| Debtor. | ADVERSARY NUMBER |
| HOWARD M. EHRENBERG, Chapter 7 Trustee,<br><br>vs.    Plaintiff(s),<br><br>LAWRENCE R. ELINS, individually and as TRUSTEE OF THE ELINS FAMILY TRUST,<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| [X] 255 East Temple Street, Los Angeles | | [ ] 411 West Fourth Street, Santa Ana | |
| [ ] 21041 Burbank Boulevard, Woodland Hills | | [ ] 1415 State Street, Santa Barbara | |
| [ ] 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By:_____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)

F 7004-1
F70041